**SHENG WEI QIU, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,\* Respondent.**

No. 08–4713–ag.

United States Court of Appeals, Second Circuit.

July 15, 2009.

Peter D. Lobel, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Monica G. Antoun, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: WALKER, PIERRE N. LEVAL and JOSÉ A. CABRANES, Circuit Judges.

### *SUMMARY ORDER*

Sheng Wei Qiu, a native and citizen of the People's Republic of China, seeks review of an August 27, 2008 order of the BIA affirming the March 12, 2007 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sheng Wei Qiu,* No. A99 666 552 (B.I.A. Aug. 27, 2008), *aff'g* No. A99 666 552 (Immig. Ct. N.Y. City Mar. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the BIA found that the IJ did not make an explicit adverse credibility finding and affirmed only her burden of proof finding. Accordingly, we review only the agency's burden of proof finding. *Id.*

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As an initial matter, Qiu waives any challenge to the agency's finding that he failed to demonstrate that he suffered past persecution. He has also waived any claim based on his illegal departure from China. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

With regard to his claim of a well-founded fear of persecution on account of his Christian faith, we conclude that the agency properly found that he had failed to meet his burden of proof. The IJ found that, because Qiu indicated that he would attend a government sanctioned church, and the government did not persecute people who attended such churches, his fear of future persecution was not well-founded. Further, Qiu admitted that he had never suffered abuse as a result of his work to "spread the gospel," and he indicated only that he had received a warning to cease holding services in his home, and that he had complied. Moreover, Qiu admitted that his mother continues to practice Christianity in their home, and while she is afraid, nothing has happened to her. Ultimately, Qiu's claim that he will be persecuted upon his return to China lacks any "solid support" in the record, and we consider it to be "speculative at best." *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005). Accordingly, the IJ did not err in finding that Qiu had failed to meet his burden to establish eligibility for

asylum. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur*, 494 F.3d at 289.

Further, inasmuch as Qiu failed to meet the burden of proof for asylum, and he based his claims for withholding of removal and CAT relief on the same factual predicate, those claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).